IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02902-BNB

MARVIN LEE TAYLOR,

     Plaintiff,

v.

ARISTEDES W. ZAVARAS,
SUSAN S. JONES,
MARSHALL GRIFFITH,
TINA VALDEZ,
M. N. McCORMICK, and
SOLANO (MS),

     Defendants.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED COMPLAINT

---

     Plaintiff, Marvin Lee Taylor, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) at the Colorado State Penitentiary in Cañon City,

Colorado.  Mr. Taylor has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. §

1983 claiming that his rights under the United States Constitution have been violated.

The court must construe the Prisoner Complaint liberally because Mr. Taylor is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Taylor will be ordered to file an amended complaint if he wishes to pursue

his claims in this action.

     The court has reviewed the Prisoner Complaint and finds that the complaint does

not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice

of the basis for the claims against them so that they may respond and to allow the court

to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See*

***Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of***

***Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8

are designed to meet these purposes.  ***See TV Communications Network, Inc. v.***

***ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir.

1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and

plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for

the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which

provides that "[e]ach allegation must be simple, concise, and direct."  Taken together,

Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the

federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements

of Rule 8.

Following a thirty-seven page narrative regarding his status as a sex offender

and restrictions imposed upon his receipt of certain magazines, Mr. Taylor presents a

six-page "Cause of Action" in which he contends that his First, Eighth, and Fourteenth

Amendment rights have been violated.  However, Mr. Taylor fails to provide a short and

plain statement of each of these various claims because he fails to identify the specific

factual allegations he is asserting in support of each claim and he fails to identify which

specific claims for relief he is asserting against each named Defendant or what each named Defendant allegedly has done that violates his constitutional rights.

For example, it appears that Mr. Taylor is asserting a First Amendment claim challenging DOC Administrative Regulation 300-26, which governs Offender Reading Material, both on its face and as applied to him, but he fails to distinguish between these separate claims.  It also is not clear whether Mr. Taylor is challenging his classification as a sex offender or whether he is challenging only the determinations that certain publications contain material that he may not receive because he is a sex offender. With respect to his Eighth Amendment claim, Mr. Taylor contends that prison officials have placed him in danger by allowing his status as a sex offender to be made known to other inmates but it is not clear which of the Defendants he is asserting this claim against.  With respect to his equal protection claim, Mr. Taylor fails to identify how he is being treated differently than any similarly situated inmates or which of the Defendants allegedly have denied him equal protection.  Finally, it is not clear what due process claim Mr. Taylor may be asserting or which Defendants he may be asserting a due process claim against.  Therefore, Mr. Taylor will be ordered to file an amended complaint that provides a short and plain statement of each claim he is asserting if he wishes to pursue those claims in this action.

In order to state a claim in federal court, Mr. Taylor "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits

3

and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." ***Conn v. Gabbert***, 526 U.S. 286, 290 (1999); ***see also Wyatt v. Cole***, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Taylor should name as Defendants in his amended complaint only those persons he contends actually violated his federal constitutional rights.

Mr. Taylor has named a number of supervisory officials as Defendants. However, personal participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Taylor must show that each Defendant caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to the supervisory officials, a Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. ***See Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1948 (2009). Furthermore,

> when a plaintiff sues an official under ***Bivens*** or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

***See Dodds v. Richardson***, 614 F.3d 1185, 1198 (10ᵗʰ Cir. 2010) (quoting ***Iqbal***, 129 S. Ct. at 1949).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  ***Id***. at 1199.  Accordingly, it is

ORDERED that Mr. Taylor file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order.  It is

FURTHER ORDERED that Mr. Taylor shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Taylor fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED January 6, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge